IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


United States of America,

        Plaintiff,


        vs.                       Case No. 13-10194-02-JTM


Ebony James,

        Defendant.




MEMORANDUM AND ORDER


Defendant Ebony James is charged with conspiracy to distribute 160.73 grams of cocaine base, in violation of 21 U.S.C. §§ 846, and 841(a)(1). James moved to suppress the results of the search of her car, and the court heard evidence of relating to the stop. James argues that the stop was improper, as the deputy sheriff "mistakenly [recorded] that Ms. James was traveling at 36 miles per hour in a 30 mile per hour zone." (Dkt. 20, at 2). Further, she argues the stop could not be grounded on her failure to signal, since the stop occurred where Highway 54 "changes from two lanes to one." (Dkt. 20 at 2). She argues, without any citation to authority, that it "does not constitute a traffic violation if the vehicle fails to signal as the two lanes narrow to one." (*Id.*) As stated at the conclusion of the hearing, and as further provided herein, the court denies the defendant's motion.

The case arose after Clark County Sheriff's Deputy Wallace Long stopped James's rental car on Highway 54. From the evidence produced at the hearing, the court finds that Long, who was conducting traffic surveillance in Minneola, Kansas, stopped James's 1997 GMC Jimmy just outside of town on May 23, 2013. The court finds that Long credibly testified that he observed James driving 36 miles per hour in a 30 mile per hour zone. When he saw that James made no attempt to further reduce her speed, Long decided to stop her. By the time he caught up with her vehicle, it had reached the outskirts of the small town. As James passed the end of the roadway with separate west-bound lanes, she merged left without giving any turn signal.

When Long approached the car, he could smell burnt marijuana. The driver, Ebony James, could not produce a driver's license. A passenger, Mykala Hagler, gave Long the insurance information for the vehicle, which showed it was registered to Yolanda Ingram. James said the car was a rental, which had been rented by her father. She was unable to produce a rental contract.

From his experience as a law enforcement officer, Long was suspicious of criminal activity. He asked James to exit the vehicle and asked her for her identifying information so he could determine if she had a valid license. He also asked about the smell of marijuana. James admitted that she could smell it.

Long learned from his dispatcher that James did not have a valid license. He approached the passenger side of the vehicle, and asked Hagler if she had a valid license. She said she did not.

Long had earlier seen a zig zag package in the car, and now saw that it had been moved. He asked where the marijuana was. Hagler removed the zig zag package from her pants. Long searched the vehicle and located a plastic sack in the center console that contained 44 individually-packaged baggies of crack cocaine.

Long arrested James and Hagler, and James eventually admitted to her role in transporting the crack cocaine to Liberal, Kansas for distribution. James assisted law enforcement with a controlled delivery to Howard Harden, the co-defendant.

The government has demonstrated that the stop was reasonable. *See United States v. Salzano*, 158 F.3d 1107, 1111 (10th Cir.1998). "When faced with a motion to suppress evidence obtained as an incident to a traffic stop, the Government must present evidence to show that the traffic stop was justified by a reasonable, articulable suspicion of illegal activity." *United States v. Lutz*, 207 F.Supp.2d 1247, 1255 (D.Kan .2002). Here, the stop is justified both for speeding, and under K.S.A. 8-1548 provides, which requires "an appropriate signal" not simply when a lane change occurs, but whenever the vehicle makes any substantial "move[ment] right or left."

That is, even if a vehicle does not completely cross a lane marker, the statute requires a signal when the vehicle moves right or left. *See United States v. Gregoire*, 425 F.3d 872 (10th Cir. 2005) (interpreting similar Utah statute as requiring a signal when merging onto an interstate highway, thereby serving "a rational purpose" in "mak[ing] the merging vehicle more visible to upcoming traffic and clearly express the driver's intentions"). *See*

*also State v. Favinger*, 253 P.3d 385 (Table), 2011 WL 2535014, *3 (Kan.App. June 17, 2011) (rejecting argument that K.S.A. 8-1548 "only applies to complete lane changes" but also applies to "any movement right or left" within the roadway); *State v. Goetter*, 2013 CR 73 (Pratt County District Court, March 14, 2014) (interpreting K.S.A. 8-1548 to require signal at end of divided passing lane, where "[t]hat additional lane ends and traffic is required to make a left movement at the end of the passing lane").

IT IS ACCORDINGLY ORDERED this 14th day of May, 2014, that the defendant's Motion to Suppress is denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
